NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ARIZONA HOLBROOK HOSPITALITY GROUP LLC,
*Plaintiff/Appellee,*

*v.*

VINCENT VAN HO, et al.,
*Defendants/Appellants.*

No. 1 CA-CV 25-0755
FILED 07-30-2026

Appeal from the Superior Court in Maricopa County
No. CV2023-012931
The Honorable Jason Easterday, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Spencer Fane LLP, Phoenix
By Eric D. Gere, Dina G. Aouad
*Counsel for Plaintiff/Appellee*

Udall Law Firm, LLP, Tucson
By Thomas P. Burke, II, Bret Shaw, Maile Lei Belongie
*Counsel for Defendants/Appellants*

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Andrew J. Becke and Judge Kent E. Cattani joined.

**T H U M M A**, Judge:

¶1             Defendants Vincent Van Ho and the Law Office of Vincent Van Ho (collectively, Van Ho) appeal from an order denying a motion to set aside a default judgment entered in favor of plaintiff Arizona Holbrook Hospitality Group LLC (AHHG). Because there was no error, the order is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2             In August 2023, AHHG filed this legal malpractice action against Van Ho arising out of legal services in connection with a real estate transaction for Arizona real estate. AHHG is an Arizona entity with its principal place of business in Arizona. Vincent Van Ho is an attorney licensed and lives in California. The Law Office of Vincent Van Ho also is located in California.

¶3             After attempts to personally serve Van Ho failed, the court granted AHHG's motion for alternative service. *See* Ariz. R. Civ. P. 4.1(k)(1) (2026).[1] AHHG then served Van Ho by alternative means, including by publication in California and Arizona, by email, and by first class mail, all as authorized by the court.

¶4             When Van Ho failed to plead or otherwise defend, AHHG filed an application for entry of default. *See* Ariz. R. Civ. P. 55(a). When Van Ho did not respond to that application, the default became effective. *Id.* AHHG then moved for entry of default judgment. When Van Ho did not respond, the court held a hearing on the motion. Van Ho did not appear at that hearing. As a result, in June 2024, the court entered default judgment against Van Ho, awarding AHHG $600,000. *See* Ariz. R. Civ. P. 55(b).

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶5        In February 2025, AHHG domesticated the judgment in California. In March 2025, Van Ho filed a motion in this Arizona case to set aside the judgment. *See* Ariz. R. Civ. P. 60. Van Ho argued Arizona lacked personal jurisdiction, meaning the judgment was void, and also that "the judgment should be set aside for equitable purposes." *See* Ariz. R. Civ. P. 60(b)(4), (6). AHHG's opposition, supported by a sworn declaration of its managing member, countered that Arizona had personal jurisdiction over Van Ho and that equitable considerations did not support relief.

¶6        After full briefing and oral argument, the superior court denied Van Ho's motion. Concluding that AHHG properly showed Arizona had personal jurisdiction over Van Ho, the court rejected the argument that the judgment was void. *See* Ariz. R. Civ. P. 60(b)(4). The court also concluded that Van Ho failed to show the judgment should be set aside on equitable grounds. *See* Ariz. R. Civ. P. 60(b)(6).

¶7        This court has jurisdiction over Van Ho's timely appeal from that denial pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(2).[2]

## DISCUSSION

### I.       Van Ho Has Not Shown the Superior Court Erred in Denying the Rule 60(b) Motion.

#### A.       Standard of Review.

¶8        A ruling on a Rule 60(b) motion generally is reviewed for an abuse of discretion. *See City of Phoenix v. Geyler*, 144 Ariz. 323, 328-29 (1985). Similarly, the denial of a motion to set aside entry of a default judgment is reviewed for an abuse of discretion. *Gen. Elec. Cap. Corp. v. Osterkamp*, 172 Ariz. 191, 194 (App. 1992). However, whether a judgment is void, including where personal jurisdiction is lacking, is reviewed de novo. *See Duckstein v. Wolf*, 230 Ariz. 227, 233 ¶ 19 (App. 2012) (personal jurisdiction); *Laveen Meadows Homeowners Ass'n v. Mejia*, 249 Ariz. 81, 84 ¶ 10 (App. 2020) (Rule 60(b)(4) motion). "The scope of an appeal from a denial of a Rule 60 motion is restricted to the questions raised by the motion to set aside and does not extend to a review of whether the trial court was substantively correct in

---

[2] Although a default judgment generally is not appealable, the appeal here is proper given it raises whether personal jurisdiction is proper. *See Kline v. Kline*, 221 Ariz. 564, 568 ¶ 11 (App. 2009) (citing *Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 311 (1983)).

entering the judgment from which relief was sought." *Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 311 (1983).

### B. The Superior Court Properly Concluded It Had Personal Jurisdiction Over Van Ho, Meaning the Judgment Was Not Void.

**¶9** Arizona may exercise personal jurisdiction over a defendant to the maximum extent permitted by due process. *See* Ariz. R. Civ. P. 4.2(a); *accord Beverage v. Pullman & Comley, LLC*, 232 Ariz. 414, 417 ¶ 8 (App. 2013). Arizona may exercise specific personal jurisdiction over Van Ho if the record shows: (1) purposeful availment of the privilege of conducting business in Arizona by Van Ho; (2) AHHG's claim "arises out of or relates to" Van Ho's contacts with Arizona (sometimes referred to as the required "nexus") and (3) "the exercise of jurisdiction is reasonable." *Williams v. Lakeview Co.*, 199 Ariz. 1, 3 ¶ 7 (2000) (citation omitted). AHHG had the burden to show Arizona could exercise personal jurisdiction over Van Ho. *Smith & Wesson Corp. v. The Wuster*, 243 Ariz. 355, 358 ¶ 13 (App. 2017).

**¶10** In denying Van Ho's motion to set aside the judgment as void, the superior court found that the complaint and its judicially admitted facts, along with the declaration of AHHG's managing member, sufficiently showed Arizona properly could exercise specific personal jurisdiction over Van Ho. The court specifically noted that (1) Van Ho's conduct purposefully targeted Arizona in representing AHHG in the Arizona real estate transaction; (2) there was a nexus between the legal services Van Ho provided and AHHG's legal malpractice claim and (3) Van Ho's legal services were inadequate. The court further found that exercise of its jurisdiction over Van Ho was reasonable.

**¶11** Van Ho argues the court erred because the complaint's allegations, deemed admitted by the entry of default, fail to establish personal jurisdiction. Citing *Beverage*, Van Ho claims that AHHG's "home state" is not enough to subject an out-of-state law firm to jurisdiction in Arizona, and that the other allegations do not establish purposeful contacts with Arizona by Van Ho.

**¶12** In *Beverage*, however, this court reversed the superior court's dismissal for lack of personal jurisdiction, finding Arizona properly could exercise specific jurisdiction over out-of-state lawyers who "performed all their legal research and drafted [an opinion] letter" in another state for a tax shelter promoted by an Arizona firm, where the client was an Arizona resident. 232 Ariz. at 416 ¶¶ 1-2, 419-20 ¶¶ 21-23. In doing so, *Beverage* noted

the lawyers in that case had communicated with individuals in Arizona, drafted a document directed to Arizona and provided services intended to be used in Arizona. *Id.* at 419-20 ¶¶ 21-23.

¶13 Here, factual allegations in the complaint (deemed admitted by the entry of default) show, among other things, that: (1) AHHG is an Arizona limited liability company located in Arizona; (2) that the real property that is the subject of AHHG's claims is located in Arizona; (3) Van Ho agreed to provide legal services to AHHG relating to the sale of the Arizona real properly; (4) Van Ho advised AHHG to sign a deed of release and full reconveyance that was recorded with the Navajo County, Arizona, Recorder; (5) Van Ho "failed to provide adequate representation and legal services" to AHHG in connection with the deed of release and full reconveyance and (6) these actions and inactions by Van Ho damaged AHHG "in that it no longer possesses security for the obligation due and owing by" the purchaser of the Arizona real property. These well-pled facts set forth in the complaint are deemed admitted by Van Ho, *see Smith & Wesson*, 243 Ariz. at 358 ¶ 14, and are sufficient to support a finding of personal jurisdiction, *see Beverage*, 232 Ariz. at 420 ¶ 23 (concluding similar "contacts, considered in context and in their totality, constitute conduct purposefully targeting Arizona, sufficient to support exercise of jurisdiction").

¶14 Van Ho asserts it "had no contacts with Arizona," and that Arizona thus lacks jurisdiction. Jurisdictional contacts with Arizona must arise out of a defendant's purposeful contacts, *Plan. Grp. of Scottsdale, L.L.C. v. Lake Mathews Min. Props., Ltd.*, 226 Ariz. 262, 266 ¶ 16 (2011), which are analyzed in their totality, *id.* at 269 ¶ 29 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 485-86 (1985)). Van Ho's primary argument is that AHHG's managing member (a California resident) was the client, not AHHG, and that no legal representation was undertaken in Arizona.

¶15 Van Ho's assertion fails because both the allegations in AHHG's complaint (which are deemed admitted) and supporting evidence it offered (through the AHHG managing member's declaration) show Van Ho had contacts sufficient for Arizona to properly exercise personal jurisdiction. As summarized above, the complaint alleged Van Ho represented AHHG in connection with the Arizona real estate transaction. The declaration by AHHG's managing member also states AHHG retained Van Ho to provide legal services relating to the sale of Arizona real property and that Van Ho negligently performed those legal services. Van Ho, the declaration adds, provided a variety of legal services to AHHG through the duration of the transaction, "including communicating and

coordinating with the Arizona-based title company used in the transaction." The invoices from Van Ho attached to the declaration show substantial communications on behalf of AHHG in Arizona, including correspondence regarding damage and repairs to the Arizona property, disclosures on inspection reports, communication with the property manager, contacts with the Arizona Corporation Commission and the State of Arizona's Corporation Division regarding certification. Although Van Ho may have been in California while performing these legal services, these services specifically involved, and specifically targeted, Arizona

¶16        The required nexus sufficient to establish jurisdiction exists when a plaintiff's claim results from alleged injuries that arise out of the defendant's activities in Arizona. *Williams*, 199 Ariz. at 4 ¶ 11 (citing cases). Here, AHHG's allegations, deemed admitted by the entry of default, are that it was injured by Van Ho's legal malpractice in representing AHHG in the transaction involving Arizona real estate. Van Ho's alleged malpractice is the direct cause of the injury AHHG claims it suffered in Arizona. This nexus is not merely the "effect of a damage-causing event," *Cohen v. Barnard, Vogler & Co.*, 199 Ariz. 16, 18 ¶ 10 (App. 2000) (citation omitted), but rather an injury directly suffered because of Van Ho's actions arising out of Arizona activities.

¶17        Because the record shows purposeful availment in Arizona by Van Ho, and the requisite nexus, jurisdiction is presumed reasonable. *Williams*, 199 Ariz. at 3 ¶ 7; *see also Beverage*, 232 Ariz. at 420 ¶ 27 ("Generally, the existence of sufficient contacts between the defendant and the forum state giving rise to the suit will justify exercise of jurisdiction."). Accordingly, Van Ho was required to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Beverage*, 232 Ariz. at 420 ¶ 27 (citing *Burger King*, 471 U.S. at 477). Concluding Van Ho failed to make such a showing, the superior court found the exercise of jurisdiction was reasonable because AHHG "is an Arizona company, and the complaint alleged legal malpractice concerning an Arizona real estate transaction."

¶18        Van Ho argues that jurisdiction in Arizona was unreasonable because the law firm did not "function as counsel to AHHG" in the real estate transaction. But the admitted allegations of the complaint are to the contrary, showing Van Ho represented AHHG. Van Ho has not overcome the presumption that exercising jurisdiction was reasonable, and that defending an action alleging legal malpractice in Arizona courts was not

unexpected.[3] Accordingly, Van Ho has shown no error in the superior court denying relief under Rule 60(b)(4).

### C. The Superior Court Did Not Abuse Its Discretion in Rejecting the Equitable Circumstances Arguments.

**¶19** A party seeking relief under Rule 60(b)(6) must show: (1) extraordinary circumstances of hardship or injustice justifying relief and (2) a reason for setting aside the judgment other than those listed in Rule 60(b). *See Hilgeman v. Am. Mortg. Sec., Inc.*, 196 Ariz. 215, 220 ¶ 15 (App. 2000). The superior court addressed the merits of Van Ho's Rule 60(b)(6) arguments after concluding they were timely, Rule 60(c)(1), but concluded "the equitable circumstances do not outweigh the public policy favoring finality." Van Ho has shown no abuse of discretion in that ruling.

**¶20** Van Ho argues "the circumstances surrounding service weigh heavily in favor of setting aside the judgment." But Van Ho does not meaningfully dispute AHHG's argument that Van Ho was aware of the litigation through extensive email communication, yet chose not to respond until after the judgment was domesticated in California. Moreover, although spending significant time discussing service of process in superior court, Van Ho did not argue that AHHG did not properly effectuate service. Instead, Van Ho conceded, before the superior court and during oral argument before this court, "that Plaintiff followed the procedure approved by the Court" to effectuate service. Having waived any challenge to service of process, *Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utils., LLC*, 227 Ariz. 382, 386 ¶ 12 (App. 2011), Van Ho has not shown how the superior court was required to find that the "circumstances surrounding service" required relief under Rule 60(b)(6), *cf. Hilgeman*, 196 Ariz. at 221 ¶ 20 (noting any argument regarding service should be raised under Rule 60(b)(4), "a separate and mutually exclusive basis for setting aside a judgment").

**¶21** Van Ho makes four additional arguments for equitable relief, none of which show error under Rule 60(b)(6). *First,* Van Ho argues that AHHG "strategically delayed" in domesticating the judgment until after

---

[3] Van Ho argues an arbitration provision in a contract between Van Ho and AHHG's managing member meant Arizona lacked jurisdiction. AHHG, however, was not a party to that contract and, accordingly, was not bound by the arbitration provision. *Duenas v. Life Care Ctrs. of Am., Inc.*, 236 Ariz. 130, 139 ¶ 26 (App. 2014) ("'In general, a party is bound to arbitrate only those disputes which it has contractually agreed to arbitrate,' and is not bound to arbitrate disputes it has not specifically agreed to arbitrate.").

the six-month deadline to seek relief under Rule 60(b)(1)-(3). Van Ho, however, offered no evidence to support that argument, and the superior court was not required to credit it without supporting evidence. *Second,* Van Ho claims substantial defenses, pointing to a claimed lack of personal jurisdiction and the arbitration clause. But, as discussed above, Arizona has personal jurisdiction over Van Ho and the arbitration clause does not apply. *Third*, Van Ho alleges a meritorious defense to AHHG's claims. In superior court, however, Van Ho did not establish or elaborate on any "meritorious defenses," instead summarily claiming "significant jurisdictional issues" and that AHHG "gam[ed] the system to get its default judgment." As discussed above, reliance on those claimed defenses fails. *Finally*, Van Ho argues that, collectively, diligence in seeking relief "once they received actual notice," coupled with AHHG benefitting "from a procedural posture it created by" alternative service, "securing a large monetary award without meaningful participation from the opposing party" and delaying in seeking to domesticate the judgment in California, means "the overall equities weigh decisively toward vacating the judgment." But Van Ho has not shown that the superior court was required, in exercising its discretion, to accept these arguments and grant relief under Rule 60(b)(6). *See Geyler*, 144 Ariz. at 328-29.

**CONCLUSION**

¶22 The superior court's denial of Van Ho's Rule 60(b) motion is affirmed. Van Ho's request for attorneys' fees and costs on appeal under A.R.S. §§ 12-341 and -341.01 is denied. AHHG seeks its attorneys' fees and costs on appeal under A.R.S. §§ 12-349 and -341.01. AHHG's request for attorneys' fees and costs under A.R.S. § 12-341.01 is granted, contingent upon its compliance with ARCAP 21. Exercising the court's discretion, AHHG's request for fees, expenses and damages under A.R.S. § 12-349 is denied.

